# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1515

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Candelario Rodriguez, also known as | * | District of Nebraska. |
| Guadalupe Moreno Valencia- | * | |
| Rodriguez, also known as Cupita, | * | [Unpublished] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 3, 2000
Filed: March 10, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Candelario Rodriguez appeals his jury conviction on one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and the resulting 156-month sentence imposed by the district court.[1]  We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

On appeal, Rodriguez argues that the district court plainly erred in admitting the testimony of a government witness who testified pursuant to a plea agreement, because the testimony violated 18 U.S.C. § 201(c)(2), the federal anti-bribery statute. We have held, however, that § 201(c)(2) "does not sweep so broadly as to prevent prosecutors from offering leniency to an individual in exchange for truthful testimony." United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir.), cert. denied, 120 S.Ct. 143 (1999). Thus, we find no error, much less plain error, in the district court's decision to admit the testimony.

Rodriguez also challenges the district court's drug quantity determination at sentencing, arguing that it was based on the testimony of the same government witness, who was not credible. We are convinced, however, based on our review of the record and the district court's February 11, 1999 Memorandum and Order, that the district court conducted a careful evaluation of the witness's credibility, with a corresponding reduction of considerable size in the drug quantity amounts attributed to Rodriguez based on the witness's testimony. See id. The district court did not clearly err in determining drug quantity. United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998), cert. denied, 525 U.S. 1165 (1999).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.